*****Please be advised that the use of these forms may not be proper for your specific legal situation*****
****Please make an independent determination whether use of these forms is appropriate****

# UNITED STATES DISTRICT COURT
# DISTRICT OF NORTH DAKOTA

ELDAR DEDIC §
§
§
§
§
§
§
(Enter full name of each Plaintiff, above) §
§
vs. § Civil Case No. _____
§ (To be assigned by Clerk of Court)
DOUGLAS A. COLLINS §
Secretary, § JURY TRIAL DEMANDED ☒Yes ☐No
Department of Veterans Affairs § (Check one)
§
§
§
(Enter full name of each Defendant, above) §

## COMPLAINT

**I. JURISDICTION.** State the grounds for filing this case in Federal Court (include federal statutes or U.S. Constitutional provisions).

This case was looked at by the EEOC, then it went to the Final Agency Decision. I was informed that I can file a civil lawsuit in U.S. District Court within 90 days of receiving the FAD.

**SAMPLE COMPLAINT** 1

**II. PLAINTIFF.** For each Plaintiff list: name and address including City, County and State.

ELDAR DEDIC
1174 ALBERT CT. W.
WEST FARGO, ND 58078

**III. DEFENDANT.** For each Defendant list: name and address including City, County and State.

DOUGLAS A. COLLINS,
Secretary of Veterans Affairs
U.S. Department of Veterans Affairs
810 Vermont Ave., NW
Washington, D.C. 20420

**SAMPLE COMPLAINT**                    2

**IV. CLAIM.** State the facts of your claim. Include the name of each person involved, dates and places. Be as specific as possible. Do not give any legal argument or cite any cases or statutes. Use additional sheets of paper if necessary.

See typed attachment.

**V. ADMINISTRATIVE PROCEDURES.** If applicable, state whether your claim was heard by any administrative agencies; the type of proceedings; the date and place of any proceedings; the outcome of any administrative proceedings.

This case went through the EEOC however there was no hearing. At that time, I was unable to provide witness statement to the administrative Judge since the witness was afraid of retaliation. This has changed since the witness is in the process of terminating his employment with the Dept. of Veterans Affairs.

The Plaintiff not having legal representation did also not help his case at that time.

**SAMPLE COMPLAINT**                    3

**IV. CLAIM:**

1. Plaintiff, Eldar Dedic, was employed by the United States Department of Veterans Affairs ("VA") as a Supervisory Police Sergeant at the Fargo, North Dakota VA Medical Center. Plaintiff began his employment in October 2019, and his employment ended in August 2025.

2. On October 29, 2024, while Plaintiff was on duty at the Fargo VA Medical Center, he was subjected to sexual harassment by a fellow supervisor, Sergeant Shane Spieker.

3. During this incident, Sergeant Spieker stated to Plaintiff, "Go suck Dave's dick some more," which Plaintiff understood to be a reference to Lieutenant David Ornelas. After making this statement, Sergeant Spieker walked away and loudly stated, "Fucker," before leaving the basement area.

4. Sergeant Spieker's statements were sexually explicit, humiliating, and offensive. They falsely implied that Plaintiff had engaged in sexual acts with Lieutenant Ornelas in the past and would do so in the future.

5. Plaintiff immediately felt verbally attacked, humiliated, and distressed as a result of Sergeant Spieker's reckless conduct.

6. As a direct result of this incident, Plaintiff sustained a mental health injury that rendered him unable to continue performing his job duties. Plaintiff filed a workers' compensation claim and was compensated through the U.S. Department of Labor for many months. Plaintiff ultimately never returned to work within his department.

7. Following the incident, Plaintiff reported the harassment to VA management, including the EEO Manager, Damaris Miller. Ms. Miller characterized the incident as "locker room talk."

8.  Plaintiff perceived this characterization as a minimization of the severity of the sexual harassment. Plaintiff believes the incident was not taken seriously and was treated differently because he is a male. Plaintiff believes the conduct would not have been characterized as "locker room talk" had the victim been a female.

9.  Plaintiff reviewed the investigative report and statements provided by Chief of Police James Casias and Associate Director Stuart Eidenschink. Based on these materials, Plaintiff concluded that the incident was being downplayed and that Sergeant Spieker was being protected by VA leadership.

10. Plaintiff believes the VA minimized the incident to avoid accountability for the conduct of one of its supervisors. Plaintiff further believes that Sergeant Spieker received protection due to an unprofessional relationship with management, which was commonly referred to within the department as the "E4 mafia," a term used by Chief Casias.

11. During Plaintiff's extended absence from work, no member of management contacted Plaintiff to inquire about his well-being. Management also failed to take steps to ensure that it would be safe for Plaintiff to return to work.

12. Plaintiff was left isolated, injured, and with the impression that he was at fault for reporting sexual harassment.

13. In a June 2025 town hall meeting, Secretary Douglas A. Collins, Secretary of the U.S. Department of Veterans Affairs, stated that the VA prides itself on providing care for individuals suffering from Post-Traumatic Stress Disorder ("PTSD").

14. Plaintiff sustained PTSD as a result of the October 29, 2024, workplace incident. Despite this, Plaintiff received no meaningful support from the VA. Plaintiff continued to suffer from PTSD symptoms, which have been documented by medical providers and observed by his family.

15. Plaintiff's doctor developed and suggested a plan that the VA had simply ignored.

16. Prior to the October 29, 2024, incident, a former coworker reported to Fargo VA leadership that Sergeant Spieker had previously engaged in serious misconduct while employed by a local law enforcement agency. That misconduct included violations of the Prison Rape Elimination Act (PREA) and dishonesty during a formal investigation, which resulted in Sergeant Spieker being forced to resign from that agency.

17. Despite being made aware of this history, the VA failed to take appropriate corrective action. Instead, Sergeant Spieker was promoted and placed in a supervisory position.

18. The VA's failure to adequately address Sergeant Spieker's prior misconduct and workplace behavior emboldened him and directly contributed to his ability to sexually harass Plaintiff and Lieutenant Ornelas.

19. Associate Director Stuart Eidenschink and Chief James Casias both stated that the October 29, 2024, incident was addressed, when, in fact, it was not meaningfully addressed. Lieutenant Ornelas, who is Sergeant Spieker's direct supervisor, should be able to confirm this during his witness testimony.

20. As a result of these above-mentioned actions and omissions, Plaintiff was sexually harassed, subjected to sex-based discrimination, and suffered a compensable workplace injury, all of which were disregarded or minimized by the VA.

21. It should be noted that although the VA maintains a stated policy of zero tolerance for sexual harassment, Plaintiff's experience demonstrates that such conduct was tolerated and minimized.

Plaintiff does not currently have legal representation due to financial hardship. Plaintiff respectfully requests that the Court appoint counsel to represent him, as this matter involves complex legal and factual issues that Plaintiff cannot reasonably be expected to litigate on his own.

**VI. RELIEF.** State what you want the Court to do for you.

Requesting: Back pay for lost pay and benefits with interest.

Award compensation for sustaining a mental health injury at work, emotional distress, suffering, in an amount to be determined at trial.

Due to financial hardship, Plaintiff respectfully requests that the Court waives Court fees and appoints counsel to represent him at no cost to the Plaintiff. This matter involves complex legal and factual issues that Plaintiff cannot reasonably be expected to litigate on his own.

**VII. SIGNATURE.** Each Plaintiff must individually sign this complaint.

Signed this _1st_ day of _January_, 2026.

_____
Signature of Plaintiff

_ELDAR DEDIC_
Printed Name of Plaintiff

_1174 ALBERT CT. W._
Mailing Address

_WEST FARGO, ND, 58078_
City, State, Zip Code

_701 306 9165_
Telephone Number of Plaintiff

_____
Signature of Plaintiff

_____
Printed Name of Plaintiff

_____
Mailing Address

_____
City, State, Zip Code

_____
Telephone Number of Plaintiff

**SAMPLE COMPLAINT**                    4